STATE OF LOUISIANA - PARISH OF CONCORDIA
SEVENTH JUDICIAL DISTRICT COURT

SHAN PEARSON LANDRY, INDIVIDUALLY  FILED: 9/21/05
AND ON BEHALF OF SARAH MCKENNA,
BRENNAN & HAGAN LANDRY

VS. NO. 42004    DIVISION B

TOWN OF FERRIDAY,  BY: _____
RICHARD MADISON, IN HIS CAPACITY AS    DEPUTY CLERK OF COURT
ELECTED CHIEF OF POLICE OF THE TOWN OF FERRIDAY,
RICKEY HOLLINS, INDIVIDUALLY AND IN HIS CAPACITY AS
POLICE OFFICER OF THE TOWN OF FERRIDAY,
AND ANY OTHER PRESENTLY UNKNOWN DEFENDANTS

## PETITION FOR DAMAGES

Petitioners, SHAN PEARSON LANDRY, a major domiciled in Newellton, Tensas Parish, Louisiana and SHAN PEARSON LANDRY, IN HER CAPACITY AS THE NATURAL TUTRIX OF HER MINOR CHILDREN SARAH MCKENNA AND BRENNAN & HAGAN LANDRY, as she is the parent under whose care the minor children have been placed and as such qualifies to institute this action as authorized by Article 4061.1(A) and 4502 of the Louisiana Code of Civil Procedure and Louisiana Laws for the Management of the Affairs of Another, represent to this Honorable Court that:

1.

Made defendants herein are:

(a) TOWN OF FERRIDAY, a municipality organized under the United States of America, domiciled in Concordia Parish, Louisiana;

(b) RICHARD MADISON, in his capacity as the elected Chief of Police of the Town of Ferriday, Louisiana;

(c) RICKEY HOLLINS, individually and in his capacity as a Police Officer of the Town of Ferriday, Louisiana; and

(d) ANY OTHER PRESENTLY UNKNOWN DEFENDANTS. Any other person or persons unknown to petitioners at this time, persons identified as officers, agents, employees of Ferriday Police Department; who through their acts or omissions should be made party defendants herein. Plaintiffs reserve the right to substitute the proper names at a future time.

2.

This complaint is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of state laws of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and all other applicable laws of the State of Louisiana and United States of America. More particularly, SHAN PEARSON LANDRY, INDIVIDUALLY AND ON BEHALF OF SARAH MCKENNA AND BRENNAN & HAGAN LANDRY have been deprived of the Fourth and Fourteenth Amendment rights to physical integrity by the arresting officers use of excessive force.


EXHIBIT "A"

3.

The Common Law, as modified by the Constitution and Statutes of the State of Louisiana, is not inconsistent with the Constitution and Laws of the United States and should be extended to and govern the above entitled Court in the trial and disposition of this case, particularly with respect to the provisions of LSA-C.C.Art. 2315, et seq. which provide for liability for acts causing damages to another.

4.

Plaintiffs are entitled to and request that this matter be tried by jury.

5.

Defendants are justly and truly indebted, jointly and insolido, unto plaintiffs, for the injuries and losses which they sustained plus all costs of these proceedings for the following reasons, to wit:

6.

The TOWN OF FERRIDAY is a municipality and was the employer of the named defendants on all dates pertinent hereto.

7.

At all times relevant hereto, RICHARD MADISON, CHIEF OF POLICE was elected by the TOWN OF FERRIDAY and at all times acting in such capacity as the agent, servant and employee of defendant, TOWN OF FERRIDAY.

8.

On or about October 6, 2007, plaintiff, SHAN PEARSON LANDRY was stopped by Officer RICKEY HOLLINS without probable cause.

9.

SHAN PEARSON LANDRY shows that during this stop, she complied and obeyed all defendant, RICKEY HOLLIN's commands when he proceeded to physically assault her in the presence of her children.

10.

SHAN PEARSON LANDRY further shows that she then proceeded to the Ferriday Police Department for assistance and there and then, defendant physically and forcibly pulled her out of the car with violence and then threw her on the ground causing physical injury.

11.

The acts of the defendants and abuse of plaintiffs by the defenandants is nothing short of use of unnecessary and excessive force under the circumstances which rises to the level of constitutional violation.

12.

As a direct result of defendants' use of unnecessary and excessive force, plaintiffs suffered serious physical and emotional injuries. They have incurred and continue to incur enormous medical bills.

13.

As a further result of defendants' use of excessive force, plaintiffs suffered permanent scarring, mental anguish, and emotional disability.

14.

The wanton and reckless disregard of plaintiff's rights by the defendants caused plaintiffs any and all damages resulting from such injury which should be imputed to the listed defendants under Title 42 of the United States Code, Section 1983.

15.

The actions of the said defendants deprived the plaintiffs of their rights to be secure in their persons against unreasonable searches and seizure, secured by the Fourth Amendment of the United States Constitution and of his rights to the accorded the equal protection of the laws, as guaranteed to them under the Fourteenth Amendment of the Constitution of the United States.

16.

That the defendants are each liable for their individual acts, be they intentional or negligent, in their individual capacities and as agents of the TOWN OF FERRIDAY. The individual officers assisted each other in performing the various actions against the plaintiffs and lent their support, physical presence and the authority of their office to each other during the said use of excessive force and brutality.

17.

Prior to October 6, 2007, the Ferriday Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the TOWN OF FERRIDAY and users of highways and an example being the damages caused to plaintiffs.

18.

It was only the policy and/or custom of the Ferriday Police Department to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Police Department, including but not limited to other incidents involving some of the same defendants herein.

19.

It was only the policy and/or custom of the Ferriday Police Department to inadequately supervise and train its officers, including the defendants thereby failing to adequately discourage further constitutional violation on the part of its police officers. The Police Department did not require appropriate in-service training or re-training of its officers who were known to have engaged in police misconduct.

20.

As a result of the above described policies and customs, the police officers of the Ferriday Police Department, including the defendants, believed and their actions would not be properly monitored by supervisor officers and the misconduct would not be investigated or sanctioned, but would be tolerated.

21.

The acts of the defendants as aforesaid, were done willfully, maliciously, and with callous and reckless indifference to and disregard of plaintiff's safety and constitutional rights by reason of which plaintiffs are entitled, by virtue of LSA C.C. Art. 2315, et seq. to compensatory and punitive damages including all medical expenses incurred by

plaintiffs.

22.

Defendant, RICHARD MADISON was at that time the Chief of Police, thus, the supervisor and commanding officer of the defendant, RICKEY HOLLINS.

WHEREFORE, PLAINTIFFS, SHAN PEARSON LANDRY, INDIVIDUALLY AND ON BEHALF OF SARAH MCKENNA AND HAGAN & BRENNAN LANDRY pray that after due proceedings had, this Honorable Court:

(a) Award compensatory damages against the defendants and all other defendants jointly, severally and insolido, in an amount reasonable for plaintiffs' damages and losses;

(b) Award punitive damages against listed defendants;

(c) Award all cost of plaintiff's medical bills;

(d) Award cost of this action and including attorney's fee to the plaintiffs;

(e) Award such other future relief as this Honorable Court may deem appropriate. A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

BY: _____
S. DOUGLAS BUSARI - 21985
ATTORNEY FOR PLAINTIFFS

S. DOUGLAS BUSARI & ASSOCIATES, LLC
ATTORNEYS AT LAW
506 EAST GREEN ST.
P.O. BOX 168
TALLULAH, LA 71284
(318) 574-2955 (PHONE)
(318) 574-2747 (FAX)

PLEASE SERVE:

TOWN OF FERRIDAY
Ferriday, LA 71334

CHIEF RICHARD MADISON
through
Ferriday Police Department
Ferriday, LA 71334

OFFICER RICKEY HOLLINS
through
Ferriday Police Department
Ferriday, LA 71334

FORM: 101
[CITATION]

**CONCORDIA PARISH SHERIFF'S OFFICE**
RANDY MAXWELL, Sheriff
VIDALIA, LA

Case No. 43994

☐ Moved (New Address) _____
☐ Moved address unknown
☐ Post   DOC # 43994
☐ Not I   TO Richard Madison
☐ Unab   PER _____ DOM _____
☐ Hold   (PRINT) _____
☐ Distri  SIGN. _____
☐ In the
☐ Hosp  MILEAGE 14  DATE 9-29
☐ Not s  DEPUTY D. Loomis
☐ Rece
☐ This address not in our parish
☐ Comments or other reasons for serving
No longer employed at Ferriday Police Dept.

43994-B

SHAN PEARSON LANDRY, indiv & o/b/o SARA LANDRY & HAGAN LANDRY

V

TOWN OF FERRIDAY, RICHARD MADISON (in Police of Ferriday), RICKEY HOLLINS (indiv & a Police Officer for Town of Ferriday) & ANY OTHE UNKNOWN DEFENDANTS

TO: CHIEF RICHARD MADISON
    THRU FERRIDAY POLICE DEPT
    FERRIDAY, LA

Parish of CONCORDIA

Personal: _____  Domiciliary: _____
Served To: _____
Mileage: _____

9-30-08          Darren Loomis
Date              Deputy Sheriff

You are hereby summoned to comply with the de AND CORRECT COPY ACCOMPANIES THIS CI a pleading or otherwise, in the Seventh Judicial D State of Louisiana, within fifteen (15) days after th

This service was ordered by attorney DOUGLAS BOSARI and was issued by the Clerk of Court on September 29, 2008.

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

**SERVICE INFORMATION**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___ served the above name party as follows:

**PERSONAL SERVICE** on the party herein named _____.

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:  PARISH OF _____ this _____ day of _____, 20___.

SERVICE  $ _____
MILEAGE  $ _____
TOTAL    $ _____

BY: _____
Deputy Sheriff

SERVICE

EXHIBIT "B"

**Post-It® Fax Note** 7671 Date 10/28 # of pages ▶
To: Randall Keiser  From: Concordia
Co./Dept.  Co.: C of C
Phone # 318-443-6241  Phone #
Fax # per phone request

**CONCORDIA PARISH SHERIFF'S OFFICE**
RA[ ] MAXWELL, Sheriff
VIDALIA, LA

Case No. 43994

☐ Moved (New Address) _____
☐ Moved, address unknown
☐ Post C   DOC # 43 994
☐ Not kn   TO Rickey Hollins
☐ Unable
☐ Hold -   PER _____ DOM _____
☐ District  (PRINT) _____
☐ In the   SIGN. _____
☐ Hospit   MILEAGE 14  DATE 9-29
☐ Not ser  DEPUTY G. Loomis
☐ Receiv
☐ This address not in our parish
☐ Comments or other reasons for serving
No longer employed at Ferriday Police Dept.

43994-B

SHAN PEARSON LANDRY, indiv & o/b/o SAI
LANDRY & HAGAN LANDRY

V

TOWN OF FERRIDAY, RICHARD MADISON
Police of Ferriday), RICKEY HOLLINS (indiv &
Police Officer for Town of Ferriday) & ANY OT
UNKNOWN DEFENDANTS

TO: OFFICER RICKEY HOLLINS
    THRU FERRIDAY POLICE DEPT
    FERRIDAY, LA

Parish of CONCORDIA

You are hereby summoned to comply with the d
AND CORRECT COPY ACCOMPANIES THIS (
a pleading or otherwise, in the Seventh Judicial
State of Louisiana, within fifteen (15) days after :

Personal: _____ Domiciliary: _____
Served To: _____
Mileage: _____
9-30-08            George Loomis/g
Date               Deputy Sheriff

This service was ordered by attorney DOUGLAS BUSARI and was issued by the Clerk of Court on September 29, 2008.

_____
Deputy Clerk of Court for
Clyde R. Webber, Jr., Clerk of Court

### SERVICE INFORMATION

Received on the ___ day of _____, 20___ and on the _____ day of _____, 20___ served the above name party as follows:

**PERSONAL SERVICE** on the party herein named _____

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: PARISH OF _____ this ___ day of _____, 20___.

SERVICE   $ _____
MILEAGE   $ 14.56       BY: _____
TOTAL     $ _____          Deputy Sheriff

SERVICE

**EXHIBIT "C"**